UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HECKLER & KOCH, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-01707-DFH-JMS |
| | ) | |
| GAMO OUTDOOR USA, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**SECOND AMENDED COMPLAINT**

For its Second Amended Complaint against Defendant, GAMO Outdoor USA, Inc. ("GAMO"), Plaintiff, Heckler & Koch, Inc. ("HK") hereby alleges as follows:

**A.**
**SUBSTANCE OF THE ACTION**

1. HK's Second Amended Complaint arises from GAMO's advertisement, distribution and sale of airsoft "BB" guns. Several models of airsoft guns sold and offered for sale by GAMO, and their advertisements, packaging, and other related materials make unauthorized use of the protected intellectual property of HK.

2. HK is the owner of various intellectual property developed and maintained by HK in relation to its sale of firearms and related products. Within HK's intellectual property portfolio is the distinctive and famous trade dress design of its popular firearm known and designated as the MP5® (hereinafter referred to as the "HK IP"). Sample images of the MP5 are attached hereto and made a part hereof as Exhibit A.

3.  GAMO advertises, manufactures, distributes and/or sells several airsoft guns whose design shapes intentionally replicate the famous HK IP trade dress, wholly without authorization from HK to do so. Specifically, GAMO's Lyacon, Bronxa Evolution, and Stunt 300 models make unauthorized use of HK's distinctive and famous MP5 trade dress. Sample images of the infringing GAMO models are attached hereto and made a part hereof as Exhibit B (hereinafter collectively referred to as the "GAMO Infringements").

4.  GAMO's unauthorized use of the HK IP in the design of the GAMO Infringements, advertisements, and packaging relating to the GAMO Infringements violates HK's rights as owner of the HK IP.  HK asserts claims for federal trademark dilution, false designation of origin or sponsorship, false advertising and trade dress infringement pursuant to the Lanham Act, as well as common law trademark infringement, unfair competition, conversion, forgery, counterfeiting, and deception.  HK seeks a permanent injunction preventing GAMO from using the distinctive HK IP, along with an award of damages, treble damages, corrective advertising damages, profits, attorney's fees and costs.

**B.**
**THE PARTIES**

5.  HK is a corporation organized and existing under the laws of Virginia.

6.  GAMO is a corporation organized and existing under the laws of Florida. GAMO may be served via its registered agent, Fred K. Lickstein, Esq., c/o Fowler White Burnett, P.A., 1395 Brickell Avenue, 14th Floor, Miami, FL 33131.

**C.**
**JURISDICTION AND VENUE**

2

7. This Court has original jurisdiction over Counts I through IV of this Second Amended Complaint pursuant to 28 U.S.C. §§1331 and 1338(a).

8. This Court has original jurisdiction over Count VI of this Second Amended Complaint pursuant to 28 U.S.C. §1338(b).

9. This Court has supplemental jurisdiction over Count V and Counts VII through X of this Second Amended Complaint pursuant to 28 U.S.C. §1367(a).

10. GAMO has submitted to this Court's jurisdiction by doing business in the state of Indiana.

11. Venue properly lies in this Court because a substantial part of the events giving rise to the claims alleged herein arose in the state of Indiana.

### D.
### GENERAL ALLEGATIONS

### 1.   The HK IP

12. HK is a leading firearms manufacturer and distributor in the United States.  HK is especially prominent in providing weaponry to military and law enforcement throughout the country. HK is known for weapons such as its MP5® submachine gun.

13. Related to this business, HK owns a wide variety of intellectual property rights. Included among HK's rights are the trademark and trade dress rights in the distinctive and famous firearm designs described *supra* as the HK IP.

14. The HK IP is inherently distinctive and/or has developed a strong secondary meaning that identifies the HK IP with HK to the consuming public.

15. HK maintains strict control over the quality and nature of their products and items utilizing the HK IP.

16. HK has invested considerable time and money in advertising the HK IP throughout Indiana and the United States.  As a result of this extensive advertising, the HK IP is famous and immediately recognizable.

17. HK has acquired substantial goodwill among consumers.

18. As a result of such goodwill and immediate recognition, and as a result of extensive advertising, items utilizing the HK IP have become highly valuable.

## 2.   GAMO's Infringement of HK's Rights

19. Subsequent to HK's development and use of the HK IP, GAMO began using confusingly similar variations of the HK IP.

20. Wholly without authorization from HK, GAMO manufactured, produced, advertised and/or sold items bearing the HK IP.  As shown in the sample images of the GAMO Infringements attached hereto as Exhibit B, GAMO manufactured, distributed, advertised and/or sold the GAMO Infringements which do and are intended to replicate the HK IP.

21. GAMO has not received permission from HK or anyone acting on HK's behalf, to manufacture, produce, advertise or sell any item bearing the HK IP.

22. By manufacturing, producing, advertising and/or selling items bearing the HK IP without permission, GAMO has attempted to profit from and capitalize on the intellectual property rights and substantial goodwill developed by HK.

23. GAMO has willfully, knowingly, and intentionally manufactured, produced, advertised and/or sold products bearing the HK IP with knowledge of HK's ownership of the HK IP.

24. GAMO manufactured, produced, advertised and/or sold items bearing the HK IP

with knowledge that GAMO's use of the HK IP was unauthorized.

25. The manufacture, production, advertisement, and/or sale of items bearing the HK

IP created a likelihood of consumer confusion.

26. GAMO used the HK IP with the intent to confuse and/or deceive consumers.

**COUNT I**
**TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)**

27. HK incorporates by reference the allegations contained in all previous paragraphs

of this Second Amended Complaint.

28. The HK IP is the product of creativity and imagination.

29. The HK IP is famous and distinctive.

30. The HK IP is widely recognized by the general consuming public of the United

States as a designation of HK as the source of the HK IP.

31. GAMO adopted the HK IP after the marks became famous.

32. GAMO's use of the HK IP impairs the distinctiveness of the HK IP.

33. GAMO's use of the HK IP harms the reputation of the HK IP as identifiers of

superbly high quality products.

34. GAMO's use of the HK IP caused dilution of the HK IP.

35. GAMO's use of the HK IP is commercial and in commerce.

36. GAMO's use of the HK IP has weakened the unique association of the HK IP

with HK.

37. As a result of GAMO's dilution under 15 U.S.C. § 1125(c), HK has suffered

irreparable harm. Unless GAMO is permanently enjoined from further dilution,

HK will continue to suffer irreparable harm.

38. A permanent injunction is necessary to prevent GAMO from further interference

5

with the HK IP.

39. GAMO's dilution of the HK IP has caused HK damages, including, but not limited to, GAMO's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT II
## FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, UNDER 15 U.S.C. § 1125(a)

40. HK incorporates by reference the allegations contained in all previous paragraphs of this Second Amended Complaint.

41. GAMO's use of HK's trade dress rights associated with the HK IP represents a false designation of origin and sponsorship and constitutes a false representation from GAMO that it is authorized to utilize the HK IP.

42. GAMO used the HK IP in commerce and in connection with the sale of goods or services.

43. GAMO's use of the HK IP is likely to cause confusion or mistake and/or is likely to deceive consumers as to the affiliation, connection or association of GAMO with HK; or as to the origin, sponsorship, or approval of GAMO's goods by HK, or anyone acting on behalf of HK.

44. GAMO's conduct constitutes false or misleading description, false designation of the origin and/or sponsorship of GAMO's goods and is in violation of § 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

45. As a result of GAMO's conduct, HK has suffered irreparable harm.  Unless GAMO is permanently enjoined from further false designations, HK will continue to suffer irreparable harm.

46. A permanent injunction is necessary to prevent GAMO from further interference with the HK IP.

47. GAMO's violation of 15 U.S.C. §1125(a) has caused HK to incur damages, including, but not limited to, GAMO's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT III
## FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

48. HK incorporates by reference the allegations contained in all previous paragraphs of this Second Amended Complaint.

49. GAMO's utilized HK's trade dress rights associated with the HK IP in commercial advertisement across its websites and in print.

50. GAMO's use of the HK IP in its advertising is deceiving to the viewer.

51. GAMO's use of the HK IP was material as it utilized in whole or significant part the HK IP. Such careful replication of the HK IP is likely the reason why consumers purchased the GAMO Infringements.

52. GAMO used the HK IP in commerce and in connection with the sale of goods or services.

53. GAMO's use of the HK IP is likely to cause confusion or mistake and/or is likely to deceive consumers as to the affiliation, connection or association of GAMO with HK.

54. GAMO's conduct constitutes false advertising and/or sponsorship of GAMO's goods in violation of § 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

55. As a result of GAMO's conduct, HK has suffered irreparable harm. Unless GAMO is permanently enjoined from further false designations, false advertisement and trade dress infringement, HK will continue to suffer irreparable harm.

56. A permanent injunction is necessary to prevent GAMO from further interference with the HK IP.

57. GAMO's violation of 15 U.S.C. §1125(a) has caused HK to incur damages, including, but not limited to, GAMO's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

### COUNT IV
### <u>TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)</u>

58. HK incorporates by reference the allegations contained in all previous paragraphs of this Second Amended Complaint.

59. The HK IP is distinctive in design.

60. The HK IP is non-functional. The HK IP is substantially comprised of non-functional elements. The overall look and feel of the HK IP is non-functional and protectable trade dress.

61. The trade dress of the HK IP is inherently distinctive and/or has acquired secondary meaning. Said secondary meaning provides a strong association with the HK IP and HK.

62. GAMO used the HK IP in commerce and in connection with the sale of goods or services.

63. GAMO's use of the HK IP is likely to cause confusion or mistake and/or is likely

to deceive consumers as to the affiliation, connection or association of GAMO with HK; or as to the origin, sponsorship, or approval of GAMO's goods by HK, or anyone acting on behalf of HK.

64. GAMO's conduct constitutes trade dress infringement in violation of § 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

65. As a result of GAMO's conduct, HK has suffered irreparable harm. Unless GAMO is permanently enjoined from further trade dress infringement, HK will continue to suffer irreparable harm.

66. A permanent injunction is necessary to prevent GAMO from further interference with the HK IP.

67. GAMO's violation of 15 U.S.C. §1125(a) has caused HK to incur damages, including, but not limited to, GAMO's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

**COUNT V**
**COMMON LAW TRADEMARK INFRINGEMENT**

68. HK incorporates by reference the allegations contained in all previous paragraphs of this Second Amended Complaint.

69. HK is the owner of the HK IP.

70. GAMO has reproduced, counterfeited, copied or imitated the HK IP and applied the HK IP to labels, signs, prints, packages, receptacles and/or advertisements intended to be used in commerce.

71. GAMO willfully infringed upon the HK IP. GAMO intended to confuse, mistake or deceive consumers.

9

72. GAMO used the reproductions of the HK IP with knowledge that the GAMO Infringements were confusingly similar copies.

73. Consumers were initially interested in and lured to the GAMO Infringements by GAMO's use of the HK IP.

74. The HK IP is immediately recognizable and famous throughout the world.

75. HK has acquired a reputation among consumers for quality and excellence, and the HK IP has come to symbolize that reputation.

76. GAMO, with knowledge of and with intentional disregard for the rights of HK, manufactured, produced, advertised and/or sold items using the HK IP or confusingly similar imitations thereof.

77. GAMO's use of the HK IP has created the likelihood of confusion among consumers.

78. GAMO's acts constitute trademark infringement and willful infringement under the common law.

79. As a result of GAMO's conduct, HK has suffered irreparable harm.  Unless GAMO is permanently enjoined from further infringement, HK will continue to suffer irreparable harm.

80. A permanent injunction is necessary to prevent GAMO from further interference with the HK IP.

81. As a result of GAMO's infringement, HK has suffered damages, including, but not limited to, GAMO's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT VI
## UNFAIR COMPETITION

82. HK incorporates by reference the allegations contained in all previous paragraphs of this Second Amended Complaint.

83. GAMO's unlawful and unauthorized use of the HK IP constitutes unfair competition with HK.

84. GAMO's conduct creates consumer confusion as to the source and/or origin of the infringing items.

85. GAMO's use of the HK IP is an attempt to interfere with HK's business relationship with its consumers and to trade on HK's goodwill.

86. As a result of GAMO's conduct, HK has suffered irreparable harm.  Unless GAMO is permanently enjoined from further unfair competition, HK will continue to suffer irreparable harm.

87. A permanent injunction is necessary to prevent GAMO from further interference with the HK IP.

88. GAMO's unfair competition has caused HK to incur damages, including but not limited to, GAMO's profits from the sale of the infringing products, actual damages, costs of suit and attorney's fees.

## COUNT VII
## CONVERSION UNDER IND. CODE § 35-43-4-3

89. HK incorporates by reference the allegations contained in all previous paragraphs of this Second Amended Complaint.

90. The term "Property" as used within Ind. Code §35-41-4-3 is defined to mean "anything of value." The HK IP is valuable and, as such, the HK IP is property.

91. GAMO knowingly or intentionally exerted unauthorized control over property

owned by HK, specifically the HK IP.

92. GAMO sold items bearing the HK IP without HK's consent and in a manner or to an extent other than that to which HK had consented.

93. GAMO knowingly or intentionally exerted unauthorized control over the goodwill developed by HK.

94. As a result of GAMO's conversion, HK was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

**COUNT VIII**
**<u>FORGERY UNDER IND. CODE § 35-43-5-2(b)</u>**

95. HK incorporates by reference the allegations contained in the previous paragraphs of this Second Amended Complaint.

96. GAMO knowingly or intentionally made, counterfeited, copied, or reproduced the HK IP in its production and sale of the GAMO Infringements.

97. The HK IP is a "Written Instrument" within the definition of §35-43-5-2(b).

98. GAMO knowingly or intentionally made, counterfeited, copied, or reproduced the HK IP in its production and sale of the GAMO Infringements with the intent to defraud consumers into believing the GAMO Infringements were endorsed or otherwise approved by HK and in doing so intended to cause loss and injury to HK.

99. GAMO, with the intent to defraud, made, uttered, and/or possessed a written instrument in such a manner that it purports to have been made by HK.

100.GAMO was not given the authority to make or possess the infringing items by HK or anyone acting on behalf of HK.

101. As a result of GAMO's forgery, HK was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT IX
## COUNTERFEITING UNDER IND. CODE § 35-43-5-2(a)

102. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Second Amended Complaint.

103. GAMO knowingly or intentionally made and/or uttered a written instrument in such a manner that it purports to have been made by HK.

104. The HK IP is a "Written Instrument" within the definition of §35-43-5-2(a).

105. GAMO knowingly or intentionally made, counterfeited, copied, or reproduced the HK IP in its production and sale of the GAMO Infringements.

106. GAMO was not given the authority to make or utter the infringing items by HK or anyone acting on behalf of HK.

107. As a result of GAMO's counterfeiting, HK was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT X
## DECEPTION UNDER IND. CODE § 35-43-5-3

108. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Second Amended Complaint.

109. The term "Property" as used within Ind. Code §35-43-5-3 is defined to mean "anything of value." The HK IP is valuable and, as such, the HK IP is property.

110. GAMO knowingly or intentionally made a false or misleading written statement

with the intent to obtain property.

111. GAMO, with the intent to defraud consumers into believing the GAMO Infringements were endorsed or otherwise approved by HK, misrepresented the identity or quality of property in its production and sale of the GAMO Infringements and in doing so intended to cause loss and injury to HK.

112. As a result of GAMO's deception, HK was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## PRAYER FOR RELIEF

WHEREFORE, HK prays for relief against the GAMO as follows:

a.      That GAMO, its officers, partners, agents, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in consent or participation with GAMO, and each and all of them, be permanently enjoined from:

   (i)      Imitating, copying, reproducing, or using, in any manner, the HK IP, or any other mark confusingly similar to the HK IP;

   (ii)     Committing any act that dilutes or is likely to dilute the distinctiveness of the HK IP;

   (iii)    Committing any act that is likely to create the impression that GAMO's business or products are in any way sponsored by, approved of or otherwise affiliated or connected with HK;

   (iv)     Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any

14

product or service using any simulation, reproduction, counterfeit, copy or imitation of any of the HK IP; and

(v)    instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above.

b.    That GAMO be required to:

(i)    Deliver to HK for destruction all goods and materials bearing the HK IP which GAMO has in its possession;

(ii)    Recall and deliver to HK for destruction all goods and materials bearing the HK IP that have been previously distributed or sold;

(iii)    Pay compensatory damages to HK in an amount to be determined at trial for the injuries HK has sustained as a consequence of the acts complained of;

(iv)    Pay HK treble damages, or alternatively, GAMO's profits trebled, whichever is greater;

(v)    Pay HK those damages arising from the advertising injury to HK's goodwill and reputation resulting from GAMO's advertising and/or spreading of misinformation in the marketplace as to the origin, source or sponsorship of GAMO's products, including but not necessarily limited to monies sufficient to compensate for the damage to HK's goodwill and/or the cost for correcting the misinformation in the marketplace.

(vi)    Pay all of HK's litigation expenses, including reasonable

15

attorneys' fees and costs of this action;

(vii)   Pay interest to HK, including pre-judgment interest on the foregoing sums; and

(viii)  File with this Court and serve on HK an affidavit setting forth in detail the manner and form of GAMO's compliance with the terms of this Court's orders.

c.      That HK be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury in this cause, and for all other relief just and proper in the premises.

Respectfully submitted,

/s/Darlene R. Seymour
Attorney # 23133-49
Attorney for Plaintiff
1292 E. 91st Street
Indianapolis, IN  46240

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via the Court's electronic filing system on the 30th day of December, 2009, to the following parties:

P. Stephen Fardy, Attorney No. 17941-53
SWANSON, MARTIN & BELL, LLP
330 North Wabash, Suite 3300
Chicago, Illinois 60611
sfardy@smbtrials.com


/s/ Darlene R. Seymour
1292 E. 91st Street
Indianapolis, IN 46240
(317) 818-0523
(317) 566-2453 - fax
dseymour@ce-ip.com

17